**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **DIMAR INVESTMENTS, LLC,** | § § § | |
| *Plaintiff,* | § § | |
| v. | § § | Civil Action No. 5:23-cv-00639 |
| **LAKEVIEW LOAN SERVICING, LLC,** | § § § | |
| *Defendant.* | § | |

**LAKEVIEW LOAN SERVICING, LLC'S NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. §§1332(a) and 1441, Defendant Lakeview Loan Servicing, LLC ("Lakeview" or "Defendant") remove this action from the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, and in support thereof would show unto the Court the following:

**I.    STATE COURT ACTION**

1. On April 3, 2023, Plaintiff Dimar Investments, LLC ("Plaintiff" or "Dimar") filed its Original Verified Petition and Request for Temporary Restraining Order and Injunctive Relief (the "Complaint"), *Dimar Investments, LLC v. Lakeview Loan Servicing, LLC*; Cause No. 2023CI06615, in the 225th Judicial District Court of Bexar County, Texas. Plaintiff obtained a temporary restraining order stopping the foreclosure of the real property commonly known as 5119 Village Court, San Antonio, Texas 78218 (the "Property").

2. Pursuant to 28 U.S.C. §1446(d), this Notice of Removal will be filed with the 225th Judicial District Court of Bexar County, Texas, and a copy of this Notice of Removal will also be served on all parties.

3. In the State Court Action, Plaintiff seeks injunctive relief, actual damages, exemplary damages, and attorney's fees.

4. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, orders, and other papers filed in the 225th Judicial District Court of Bexar County, Texas and obtained by Defendant are attached hereto. In support of this removal and as required by Local Rule, please find attached as follows:

**Exhibit A:** State Court File;[1]

**Exhibit B:** State Court Docket Sheet;

**Exhibit C:** Bexar County Appraisal District Record;

**Exhibit D:** Civil Cover Sheet; and

**Exhibit E:** Supplement to Civil Cover Sheet.

## II. TIMELINE FOR NOTICE OF REMOVAL

5. Defendant Lakeview has not been served in this action and Plaintiff has not requested service. This removal is timely pursuant to 28 U.S.C. §1446(b)(1).

## III. BASIS FOR REMOVAL: DIVERSITY JURISDICTION

6. The Court has original jurisdiction over this action pursuant to 28 U.S.C. §1332(a)(1) because there is complete diversity of the Parties and the amount in controversy exceeds $75,000.

### a. Diversity of Citizenship

7. Removal in this case is proper because this Court has diversity jurisdiction under 28 U.S.C. §1332(a)(1). Where there is complete diversity among parties and the amount in controversy exceeds $75,000.00, an action may be removed to federal court.

---

[1] Defendant will supplement with the entirety of the State Court File upon receipt from Bexar County District Court.

8. This controversy is entirely between citizens of different states as required for diversity jurisdiction under 28 U.S.C. §1332(a)(1), in that every defendant is diverse from Plaintiff.

9. Based upon Plaintiff's Complaint, Plaintiff is a citizen of Texas.

10. Defendant Lakeview Loan Servicing, LLC is a Florida limited liability company. The citizenship of a limited liability company depends on the citizenship of all its members. *Tewari De-Ox Systems, Inc. v. Mountain States/Rosen, LLC*, 757 F.3d 481, 483 (5th Cir. 2014); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Lakeview Loan Servicing, LLC's sole member is Bayview MSR Opportunity Corp. A corporation is a citizen of every state in which it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). Bayview MSR Opportunity Corp. is incorporated by the State of Delaware and maintains its principal office and place of business in Coral Gables, Florida. Bayview MSR Opportunity Corp. is therefore a citizen of both Delaware and Florida. Based on the foregoing, Lakeview Loan Servicing, LLC is a citizen of Delaware and Florida for diversity purposes.

11. Plaintiff is a citizen of the State of Texas, and Defendant Lakeview is a citizen of Delaware and Florida, accordingly this lawsuit is between citizens of different states and complete diversity exists among the parties. See 28 U.S.C. §1332(a)(1).

    **b.**    **Amount in Controversy Exceeds $75,000.**

12. Although Plaintiff's Complaint does not specifically allege the amount in controversy, it is clear from review of the Complaint and the evidence attached hereto that the amount in controversy exceeds $75,000.

13. The Complaint seeks declaratory relief, damages and title related to the foreclosure on the Property. "In actions seeking declaratory relief or injunction relief the amount in controversy is measured by the value of the object of the litigation." *Leininger v. Leininger*, 705

F.2d 727, 729 (5th Cir. 1983). Put another way, "[t]he amount in controversy, in an action for declaratory or injunctive relief, is the value of the right to be protected or the extent of the injury to be prevented." *St. Paul Reinsurance Co., Ltd. V. Greenberg*, 134 F.3d 1250, 1252-1253 (5th Cir. 1998). "It is well established in actions in which declaratory or injunctive relief is sought, the amount in controversy for jurisdictional purposes is measured by the direct pecuniary value of the right which the plaintiff seeks to enforce or protect or the value of the object which is the subject matter of the suit." *Martinez v. BAC Home Loans Servicing. LP*, 777 F. Supp. 2d 1039, 1044 (W.D.Tex.2010); see also *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 910 (5th Cir.2002) ("The amount is controversy is 'the value of the right to be protected or the extent of the injury to be prevented.'") (quoting *Leininger*, 705 F.2d 727, 729 (5th Cir.1983)). The Fifth Circuit has held that when the right to the property is at issue, the value of the property controls the amount in controversy. *Waller v. Prof'l Ins. Corp.*, 296 F.2d 545, 547–48 (5th Cir.1961); see also *Nationstar Mortg. LLC v. Knox*, 351 Fed. Appx. 844, 848 (5th Cir.2009) (Waller extended to a suit seeking injunctive relief to prevent foreclosure).

14. The most recent tax appraisal for the Property valued it at $159,580.[2] This alone satisfies the $75,000 requirement. See *Griffin v. HSBC Bank*, 2010 WL 4781297 at *3 (N.D. Tex. Nov. 24, 2010)(considering appraisal district figure as evidence that amount in controversy requirement was met); *Eisenberg v. Deutsche Bank Trust Co. Americas*, No. SA–11–CV–384–XR, 2011 WL 2636135, *1 (W.D. Tex. 2011), 2011 WL 2636135 at *1 (same). Accordingly, considering the value of the Property, it is apparent on the face of Plaintiff's Complaint that the amount in controversy more likely than not exceeds $75,000.

---

[2] *See* Exhibit C, Bexar County Appraisal District valuation for the Property for 2023.

## IV. VENUE

15. Venue for this Removal is proper in the United States District Court for the Western District of Texas, San Antonio Division, because this district and division includes Bexar County, Texas, which is the location of the pending state court action. 28 U.S.C. §1441(a); 28 U.S.C. §124(d)(1).

## V. CONCLUSION

WHEREFORE Defendant Lakeview Loan Servicing, LLC removes this action from the 225th Judicial District Court of Bexar County, Texas, to the United States District Court for the Western District of Texas, San Antonio Division, so that this Court may assume jurisdiction over the cause as provided by law.

Respectfully submitted,

By: */s/ Mark D. Hopkins*
Mark D. Hopkins
State Bar No. 00793975
HOPKINS LAW, PLLC
3 Lakeway Centre Ct., Suite 110
Austin, Texas 78734
(512) 600-4320
mark@hopkinslawtexas.com
*OF COUNSEL* FOR
CODILIS & MOODY, P.C.

Danya Gladney
State Bar No. 24059786
CODILIS & MOODY, P.C.
400 N. Sam Houston Parkway E.
Suite 900A
Houston, Texas 77060
(281) 925-5243
Danya.Gladney@tx.cslegal.com

**ATTORNEYS FOR NEW LAKEVIEW LOAN SERVICING, LLC**

## CERTIFICATE OF SERVICE

      Pursuant to Federal Rules of Civil Procedure, the foregoing has been filed with the Court via CM/ECF and I certify that a true and correct copy of the foregoing has been sent on this the 19th day of May 2023 to all parties of record.

***VIA ECF*:**
Brittani Booker Pleasant
GARCIA LEGAL TEAM, PLLC
P.O. Box 782593
San Antonio, Texas 78278
bbp@bpleasantlaw.com

**ATTORNEY FOR PLAINTIFF**

                              */s/ Mark D. Hopkins*
                              Mark D. Hopkins